H. STAN JOHNSON, ESQ.                              **E-FILED on 9/18/09**
Nevada Bar No. 0265
CJD LAW GROUP, LLC
6293 Dean Martin Drive, Ste. G
Las Vegas, NV 89118
(702) 220-7050
Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In Re:                                    )    BK-S 09-18994-mkn
                                          )    Chapter 7
GIOVANNI R. MAGBUAL and                   )
ROSEMARIE D. MAGBUAL,                     )
                                          )    Date:  9/30/09
                                          )    Time:  1:30 p.m.
            Debtors.                       )
_____   )

### OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Debtors, GIOVANNI R. MAGBUAL and ROSEMARIE D. MAGBUAL, by and through their

counsel of record, CJD LAW GROUP, LLC, and hereby files this opposition to the Motion of the

Movant, HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities

Corporation, Mortgage Pass - Through Certificates, Series 2007-7 (hereinafter referred to as "HSBC"),

for relief from the Automatic Bankruptcy Stay regarding 6794 Council Heights Way, Las Vegas, NV

89142.  This Opposition is made and based upon 11 U.S.C. 105, 362 and Bankruptcy Rule 7065, the

following Points and Authorities and any oral argument heard at the time of the hearing.

### FACTS

1.      Debtors filed their voluntary Chapter 13 on May 29, 2009.

2.      Debtors Chapter 13 was converted to Chapter 7 on August 4, 2009.

3.      There allegedly exists a Deed of Trust in favor of HSBC, for the purchase of residential

property.

4.      Movant's Motion requests that the automatic stay be lifted in order to permit Movant to foreclose on the subject property.

5.      The principal balance of the note at the time of this motion is approximately $356,028.00.

6.      Movant has claimed that Debtors are in default of the loans terms by failing to remit certain payments identified therein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.      MOVANT HAS FAILED TO ESTABLISH A PRIMA FACIE FACTS TO GRANT THEIR MOTION TO LIFT STAY**

Procedurally, a lift-stay movant has the burden to establish prima facie facts entitling it to relief. See, In re Elmore, 94 B.R. 670 (Bankr. C.D. Cal. 1988). To establish these prima facie facts, the moving creditor must demonstrate the following:

1.  The Debtor owes the obligation to the Creditor;

2.  There is a valid security interest from which relief from the stay may be sought; or

3.  "Cause" justifying relief from the stay.

In re Kin,  71 B.R. 1011, 1015 (Banta_ C.D.Ca1. 1987).

In the foregoing matter Movant has failed to prove by clear and convincing evidence that it is the actual current holder of the note and deed of trust.  Debtors actually believed that Wells Fargo was the mortgage holder.  Movant has not established that they are indeed the mortgage holder and it is not the burden of Debtors to disprove that Movant is owed the obligation.  (*In re Elmore, Id Supra.*)  Until such time as the Movant can demonstrate that they have standing to file this Motion, by providing the note and deed of trust, in its name, Movant cannot by other means assert that the Debtors owe the debt, has a valid security interest or cause justifying this Motion.  (*In re Kin, Id. Supra.*)

**1.      Movant Has Also Not Established That They Are The Real Party In Interest**

Similar and in accord with Debtors prior statements regarding the lack of Movant's establishment of a prima facia case;  Movant has not established whether they are the real party of interest.  Pursuant to F.R.C.P. 17(a)(1)[1], "An action must be prosecuted in the name of the real party of interest."  As stated above there is no evidence that Movant is an actual creditor or in other words is the real party in interest.  Unless Movant establishes that are within the select classes which may prosecute an action without being an interested party, Movant must ratify, join or be substituted in this action.  F.R.C.P. 17(a)(1) and (3)

The Court in *In re Hwang*, 396 B.R. 757 (Bankr.C.D.Cal 2008), the found that (1) a bank that is named as payee on a mortgage note and that was currently in possession of said note qualifies as the "holder" of note, even though it has assigned its rights under note to another entity; (2) the bank was entitled to enforce the note in its capacity as "holder" thereof; (3) the bank was not a, "real party in interest," and as such could move for relief from stay for purpose of enforcing mortgage note, and (4) motion for relief from stay to enforce mortgage note could not be pursued by bank that had previously assigned its rights under the note to another entity, and that at most retained only loan servicing rights, with it being necessary to join the party that owned the note following the assignment. *Relying upon the cases of LaSalle Bank N.A. v. Nomura Asset Capital Corp.*, 180 F.Supp.2d 465, 469-71 (S.D.N.Y.2001); and *LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc.*, 237 F. Supp.2d 618, 631-34 (D.Md.2002).

As the *Hwang Court* stated:

> The right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name. "6A WRIGHT § 1553. Consequently, even if the court had found that a proper agency relationship exists between the holder of the note and the party seeking to enforce its security, this does not excuse the agent from the requirement that an action be prosecuted in the name of the noteholder, who is the real party in interest. FED.R.CIV.P.17(a)(1). Thus, even if Indy Mac is the loan servicer for the unidentified

---

[1] F.R.B.P. 7017 adopted F.R.C.P. 17.

3

owner of the note here at issue ( a fact that Indy Mac has failed to prove), it is not the real party in interest that is required to bring the motion before the court.

In the instant case it should be noted that the party actually listed on the Deed of Trust produced by Movant as the lender is "Linear Financial, LP dba Pardee Home Loans" (Deed of Trust, Pg. 1 at (C)). On the Motion itself and the Section 362 Information Sheet, the party of interest is noted as "HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass - Through Certificates, Series 2007-7." Admittedly, HSBC is only the Trustee for Wells Fargo, but Wells Fargo is not even noted as the original lender. There is also no discussion by MOvant of how HSBC is empowered to bring this Motion for Relief from the Automatic Stay by explaining the chain of possession of the Dee of Trust. In fact, Movant has not even submitted an Affidavit from anyone with knowledge of the Deed of Trust or which explains the standing of HSBC that would establish that they are a real party in interest. Since Movant cannot establish that they are the actual holder of the Deed of Trust their Motion should be denied.

**B.    MOVANT HAS NOT SATISFIED THEIR BURDEN OF ESTABLISHING THE PROPERTY VALUE**

Bankruptcy Code §362(g)(1) states:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) **the party requesting such relief has the burden of proof on the issue of the debtor's equity in property** ... (Emphasis Added)

In this matter, Movant has attempted to establish the value of the real property by using www.zillow.com, a real estate website. A website which purportedly claims to provide a fairt market value for certain real property is not sufficient to carry the burden as specified above. In light of Movant's failure of carrying

the burden of proof, established by §362(g)(1), as to Debtor's equity or shortfall the request for relief must be denied.

**C.    DEBTORS ARE DESIROUS TO PARTICIPATE IN THE NEWLY FORMED NEVADA FORECLOSURE MEDIATION PROGRAM**

Nevada has recently passed broad legislation which allows both the mortgage holder and the occupants of primary residences to participate in Court overseen mediation.  The mediator  and parties seek to mutually come to terms to allow the homeowner to reside in the property while parties come to a mutual agreement to modify the terms of the loan to be more affordable.  While Debtors are actively seeking a loan modification for the property, Debtors believe that the mediation program would be immensely more efficient in terms of time and potential costs.  Therefore, should this Court be inclined to consider this motion and/or grant the lifting of the automatic stay; Debtors respectfully request that the stay be modified to specifically allow for parties to participate in the Nevada Foreclosure Mediation Program prior to Movant proceeding further with any actions related to effectuating a non-judicial foreclosure.  In conjunction with this Court's proposed approval to participate in the mediation program, Debtors request that the Notice of Default and Election to Sell be rescinded since the program is for all primary houses which have received such Notice subsequent to July 1, 2009.  Debtors could thereafter enter the program once Movant re-noticed the Notice of Default and Election to Sell.

<u>**CONCLUSION**</u>

Based upon the foregoing, Movant is not entitled to an order terminating the automatic stay.  Wherefore, Debtors respectfully requests that the Court determine that Movant has failed to carry the necessary burden of establishing a prima facia case, that it is the real party in interest or establish the value of the property pursuant to Bankruptcy Code §362(g)(1).  If this Court is inclined to grant Movant's request; Debtors request that the automatic stay be modified to allow for parties to participate in the Nevada Foreclosure Mediation Program prior to Movant taking any action to further the potential non-

1  judicial foreclosure proceedings and that Movant be ordered to rescind the Notice of Default and Election

2  to Sell.

3         DATED this ___18th___ day of September, 2009.

4                                              CJD LAW GROUP, LLC

5

6                                    By:    _/s/ H. Stan Johnson_____

7                                           H. Stan Johnson, Esq.
                                            Nevada Bar No. 0276

8                                           6293 Dean Martin Drive, Ste. G
                                            Las Vegas, NV 89118
                                            Attorneys for Debtor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

1.  I served the following document(s):

a.  **OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

2.  I served the above-named document(s) by the following means to the persons as listed below:

☒    a.        <u>**By ECF System on September 18, 2009:**</u>

KEVIN R. HANSEN on behalf of Creditor HSBC BANK (USA)
krhlaw@cox.net, bk@wildelaw.com

H STAN JOHNSON on behalf of Debtor GIOVANNI MAGBUAL
sjohnson@cjdnv.com, cjbarnabi@cjdnv.com;cj@cjdlawgroup.com

WILLIAM A LEONARD
biff7tte@mindspring.com, ca46@ecfcbis.com

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: September 18, 2009

Charles Barnabi                                    /s/Charles Barnabi
(Name of Declarant)                          (Signature of Declarant)